ATTORNEY GENERAL *vs.* GREENFIELD LIBRARY ASSOCIATION & others.

Franklin. Sept. 18. — Oct. 6, 1883. FIELD & W. ALLEN, JJ., absent. C. ALLEN, J., did not sit.

W. made an offer to an incorporated library association, that, if it would buy a suitable lot, grade the grounds, lay the foundation, and provide for heating and lighting, he would at his own expense erect a library building. A subscription paper was circulated, by the terms of which the subscribers agreed to pay to the treasurer of the association the sums set against their names, "to be used for the purpose of purchasing land for a library building, putting in the foundations, providing for heating, lighting, &c., in order that said association may avail itself of the offer made by W. to erect a building for the use of the association." The directors of the association accepted W.'s offer and bought two adjoining lots of land, and a library building was erected by W. The sum subscribed was insufficient to pay for the land and to put in the foundations and provide for heating and lighting, and the association sold and conveyed to W., for a sum larger than it paid, and for its fair value, a portion of one of the lots,

which the association did not need, and which it bought in order to secure the control of it and prevent its future use for any objectionable purpose; and the remaining land is a suitable site and amply sufficient for the present and future needs of the association. *Held*, on an information in equity, by the Attorney General, at the relation of a subscriber to the fund, that there had been no violation of the trust on which the money was given to the association.

INFORMATION IN EQUITY, at the relation of Charles G. Delano, against the Greenfield Library Association, its trustees, and William B. Washburn. Hearing before *W. Allen*, J., who reserved the case for the consideration of the full court. The facts appear in the opinion.

*C. G. Delano, pro se.*

*S. O. Lamb & C. C. Conant,* for the association and the trustees.

*F. G. Fessenden,* for Washburn.

MORTON, C. J. It is unnecessary to consider whether the facts of this case show a public charity or a private trust, because, however this may be, the case has no merits.

The facts appearing in the answers and admitted to be true are as follows: The Greenfield Library Association is a corporation established by law in 1855, for the purpose of mutual improvement and common education. In 1878, the association had a large and valuable library, but no library building. In that year, William B. Washburn made a verbal offer to the association, that, if it would buy a suitable lot, grade the grounds, lay the foundations, and provide for heating and lighting, he would at his own expense erect a library building. In order to enable the association to avail itself of this offer, a subscription paper was circulated among the citizens, and $5500 was subscribed. At the time of the subscription, the directors had in view a lot at the corner of Main Street and Franklin Street in Greenfield, measuring five rods on each street. The owners of this lot also owned an adjoining lot on Franklin Street, measuring five rods in front, which they were willing to sell; and, after the subscription, the directors determined to buy the corner lot and also the adjoining lot, in order to secure the control of it and prevent its future use for any objectionable purpose, and also for the purpose of using a part of the same as an addition to the corner lot for a site for the library building. Mr. Washburn renewed, in writing, his offer, the directors accepted

it, and bought the two lots, and a library building was erected by him according to the terms of the offer. Afterwards, in May, 1882, the association sold and conveyed to Mr. Washburn for a sum larger than the price it cost them, and which is admitted to be its fair value, a portion of the second lot on Franklin Street, measuring four rods in front, leaving in the association, for the site of the library building, the corner lot, measuring five rods on Main Street and six rods on Franklin Street, which is admitted to be a suitable site, and amply sufficient for the present and all the future needs of the association.

This information seeks to have this conveyance to Mr. Washburn set aside, as being a violation of the trust upon which the association received the subscriptions of the relator and others.

The essential part of the subscription paper is as follows: " We, the subscribers, severally agree to pay to R. A. Packard, treasurer of the Greenfield Library Association, the sums set against our names respectively, to be used for the purpose of purchasing land for a library building, in Greenfield, putting in the foundations, providing for heating, lighting, &c., in order that said association may avail itself of the offer made by the Hon. William B. Washburn to erect a building for the use of the association."

This does not provide for any particular lot, or for a lot of any specified size. The only duty or trust which it imposes upon the association is that it should in good faith apply the money subscribed to the purchase of a suitable lot for a library building in Greenfield. The directors selected the corner lot as a desirable place ; in order to enlarge the lot and make it a more convenient and suitable site, they were obliged to buy the whole of the second lot, though they did not need it. They bought it with the intention of selling such part as was not needed. The facts find that the sum subscribed was insufficient to pay for both lots, and to put in the foundations and provide for lighting and heating, in accordance with the terms of the subscription, and the proceeds of a sale of a part of the second lot were needed for these purposes. We know of no principle upon which it can be held that the terms of the subscription fastened upon the lot purchased a trust that the whole of it should be forever held as a part of the site of the library building.

No one has any ground of complaint. The result of the action of the association is that it has purchased a site in every respect suitable ; the money subscribed was needed for the payment for this site, and has been applied to it, and to preparing it for a building according to the terms of the subscription. Upon the facts agreed, neither the association nor its officers have been guilty of any breach of duty or violation of trust.

If the association can be considered as a public charity, the same considerations apply ; and, as the land in controversy was conveyed in accordance with its articles of association and by-laws, the sale and deed to Mr. Washburn were valid.

*Information dismissed, with costs.*